IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID LANE CAMPBELL, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 5:21-cv-00445-MTT-CHW |
| WARDEN WALTER BERRY, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff David Lane Campbell, an inmate currently housed in Baldwin State Prison in Hardwick, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* in this case is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $29.00.

### I. Motion to Proceed *In Forma Pauperis*

The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee. *See* 28 U.S.C. §1915(b). A prisoner seeking to proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." *Id.* As it appears from Plaintiff's documentation that Plaintiff is unable to prepay the entire cost of commencing this action, his application to proceed *in*

*forma pauperis* is hereby **GRANTED**.

        A.   Initial Partial Filing Fee

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's account certification shows the average monthly deposits to Plaintiff's account for the six months before he filed the complaint equaled $145.00. Twenty percent of $145.00 is $29.00. Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $29.00.

        B.   Remainder of the Filing Fee

Additionally, Plaintiff is obligated to pay the remainder of the $350.00 filing fee, in installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below. The **CLERK** shall therefore forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is detained so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

        1.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county

wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to collection of the full filing fee.

2. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

II. **Conclusion**

Thus, as set forth above, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $29.00. While

Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is his responsibility to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this order to pay the required initial partial filing fee to the Clerk of the Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of Plaintiff's complaint. If Plaintiff's circumstances have materially changed, such that he cannot afford to pay the initial partial filing fee ordered herein, Plaintiff may file a renewed motion for leave to proceed *in forma pauperis*, supported by a new account statement and an explanation of how any change in circumstances prevents Plaintiff from paying the fee.

There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 10th day of January, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge