IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID LANE CAMPBELL, | : |
| Plaintiff, | : |
| V. | : NO. 5:21-cv-00445-MTT-CHW |
| WARDEN WALTER BERRY, *et al.*, | : |
| Defendants. | : |

### ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff David Lane Campbell, an inmate in Baldwin State Prison in Hardwick, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee of $29.00. Order, ECF No. 4. Plaintiff has now paid the initial partial filing fee, and thus, his complaint is ripe for preliminary review.

As an initial matter, Plaintiff has submitted a motion for the appointment of counsel, which is **DENIED**. On preliminary review of Plaintiff's claims, it is also **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Additionally, it is **RECOMMENDED** that Plaintiff's pending motion to add defendants and request class certification also be **DENIED**.

## MOTION TO APPOINT COUNSEL

With his complaint, Plaintiff has submitted a motion for the appointment of counsel. Attach. to Compl. 3, ECF No. 1-1. In the motion, Plaintiff asserts that his incarceration will limit his ability to litigate his case, counsel would be better able to present evidence, and Plaintiff is unable to afford a lawyer. *Id.*

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). To the contrary, appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court finds that Plaintiff has not identified any exceptional circumstances that warrant the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

## PRELIMINARY REVIEW OF PLAINTIFF'S AMENDED COMPLAINT

I. Standard of Review

Although Plaintiff is not proceeding *in forma pauperis*, his complaint is subject to a preliminary review because he is a prisoner pursuing claims against government officials. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint

3

"must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

In his complaint, Plaintiff asserts that, when Covid-19 began, it created a lot of issues for the Georgia Department of Corrections. Compl. 5, ECF No. 1. In particular, inmates were not able to practice social distancing insofar as they were living in confined spaces. *Id.* As time went on, officers quit working at the prisons, drug use and violence rose, and living conditions were poor. *Id.*

Plaintiff states that he is a drug addict and that, during this time, he fell back into

using drugs to fight the depression that he was suffering. *Id.* On one occasion, Plaintiff fell out of the shower "after smoking a strip." *Id.* Plaintiff asserts that he has no memory of this incident occurring. *Id.* He also alleges that he feels his life is constantly in danger due to the lack of staff, rise in violence and drug use, and poor living conditions. *Id.* Plaintiff names as defendants to this action Warden Walter Berry, Deputy Warden of Security Eric Martin, Petrillion Whipple, Regina Womble, and the Georgia Department of Corrections. *Id.* at 1, 4.

It appears that Plaintiff is attempting to state a claim for deliberate indifference to his safety. To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90.

At the outset, it is not clear that Plaintiff has identified facts showing an extreme prison condition that poses an unreasonable risk to his health and safety. In this regard, Plaintiff makes broad and generic assertions that understaffing has led to increased violence and availability of drugs, as well as poor living conditions. Plaintiff sets forth few other supporting facts to explain the situation. The only specific incident that Plaintiff discusses is that, on one occasion, he used drugs and fell out of the shower.

5

With regard to that incident, it seems that any potential harm was a result of Plaintiff's own drug use rather than a condition of the prison.

Even assuming that Plaintiff had identified such a condition, he has not set forth any facts regarding any of the named defendant. In the absence of such facts, Plaintiff has not shown that any defendant was aware of any dangerous condition and disregarded a risk of harm to Plaintiff. Therefore, he has not stated a claim upon which relief may be granted.

Plaintiff names the Georgia Department of Corrections as a defendant. The Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Georgia Department of Corrections, as a state agency, is thus protected by sovereign immunity and is not a proper defendant in this action. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability).

For the reasons set forth above, Plaintiff has not stated a claim for relief. It is therefore **RECOMMENDED** that his complaint be **DISMISSED WITHOUT PREJUDICE** on this basis. Plaintiff also asked for a temporary restraining order during the pendency of this case. Compl. 6, ECF No. 1; Mot. for Order to Show Cause, ECF No. 5. It is **RECOMMENDED** that this request be **DENIED** as moot.

## MOTION TO ADD DEFENDANTS

Plaintiff has also filed a motion to add defendants and request class certification. Mot. to Add Defendants (ECF No. 8), in which Plaintiff asks the Court to "add the superiors in office of said defendants" – apparently the members of the Board of Directors of the Georgia Department of Corrections – to this action. *Id.* at 1.

To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Insofar as Plaintiff has not alleged facts showing an underlying constitutional violation, he has not alleged facts showing that there would be a basis for a claim against the supervisors of the named defendants. Plaintiff alleges only that his grievances have been pursued to the state level and that nothing has been done to correct the conditions of which he complains. This broad allegation is not sufficient to show a causal connection between the Board of Directors and the alleged constitutional violations.

In the remainder of the motion, Plaintiff appears to be asking that his complaint be consolidated with pending claims of certain other inmates, that the consolidated case be certified as a class action, and that counsel be appointed to represent them in the class action case. If the Court adopts the recommendation that Plaintiff's complaint be dismissed, it is further **RECOMMENDED** that this motion be **DENIED AS MOOT**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 2nd day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge